**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| WHOLESALECARS.COM, | ) | |
| | ) | |
| APPELLANT, | ) | |
| | ) | |
| v. | ) | **Case No.: 1:16-CV-1280-VEH** |
| | ) | |
| ROCCO J. LEO, TRUSTEE, and | ) | |
| CHRIS and CORY HUTCHERSON, | ) | |
| | ) | |
| APPELLEES. | ) | |
| | ) | |

---

## MEMORANDUM OPINION

## I.    INTRODUCTION

Wholesalecars.com ("Wholesalecars" or "Appellant") appeals from an adverse final judgment entered by the United States Bankruptcy Court for the Northern District of Alabama on July 18, 2016. (Doc. 1). In support, Wholesalecars has filed a brief addressing its arguments for reversal. (Doc. 4). The Trustee of the bankruptcy estate, Rocco J. Leo ("Mr. Leo" or the "Trustee"), has responded. (Doc. 7). Wholesalecars has, in turn, replied. (Doc. 8). For the following reasons, the Court will **DISMISS** this action for lack of jurisdiction.

## II.    PROCEDURAL HISTORY

Wholesalecars is a former employer of the debtor, Cory Hutcherson ("Ms. Hutcherson"). On September 10, 2013, Wholesalecars terminated Ms. Hutcherson's employment, and Ms. Hutcherson subsequently filed a pregnancy employment discrimination lawsuit against Wholesalecars in the United States District Court for the Northern District of Alabama.[1] Upon Wholesalecars' motion, the district court compelled arbitration and dismissed the action without prejudice pending resolution in arbitration. On September 8-9, 2015, the parties attended an arbitration hearing, during which Ms. Hutcherson was represented by the law firm Wiggins, Childs, Pantazis, Fisher, & Goldfarb, LLC ("Wiggins Childs").

On September 25, 2015, after the arbitration hearing but before the arbitration award was issued, Ms. Hutcherson filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Northern District of Alabama.[2] On November 24, 2015, the arbitrator issued an award in Ms. Hutcherson's favor, awarding her $28,229.22 in back pay, $38,448 in front pay, and a damages-cap award of $50,000 in compensatory and punitive damages, for a total award of $116,677.22. (A-192; Doc. 4-1 at 199). The arbitrator retained jurisdiction over the issue of attorney's fees and expenses.

---

[1] *See Hutcherson v. Wholesalecars.com*, 2:14-cv-01382-WMA (filed on July 18, 2014, and dismissed on August 18, 2014).

[2] *In re Hutcherson*, No. 15-41532-JJR-7 (Bankr. N.D. Ala.), filed on September 25, 2015.

It has not been disputed that Ms. Hutcherson did not timely disclose the existence of her bankruptcy action to the arbitrator and did not disclose her cause of action against Wholesalecars to the bankruptcy court. (Doc. 4 at 11, Doc. 7 at 9). On November 9, 2015, the bankruptcy trustee issued a report of no distribution. On January 5, 2016, Ms. Hutcherson filed amended bankruptcy schedules that did not mention the arbitration award. On January 7, 2016, the bankruptcy court issued a discharge of approximately $150,000 in Hutcherson's debts.

On January 28, 2016, Wholesalecars filed a Motion To Vacate the arbitration award in the United States District Court for the Northern District of Alabama, which is currently pending.[3] On January 29, 2016, the bankruptcy estate Trustee filed a notice of withdrawal of the report of no distribution. On May 18, 2016, the Trustee filed an Application To Employ in bankruptcy court to approve the employment *nunc pro tunc* of Wiggins Childs as special counsel pursuant to 11 U.S.C. § 327.

Wholesalecars objected to the application to appoint Wiggins Childs on the following grounds: (1) the Trustee did not meet the statutory requirements of "specified special purpose" and the appointment was not in the best interests of the estate; (2) Wiggins Childs had a concurrent or former client conflict of interest that

---

[3] *See Wholesalecars.com v. Hutcherson et al.*, 2:16-cv-00155-KOB (filed January 28, 2016).

3

was "adverse to the debtor" with respect to the matter on which Wiggins Childs was to be employed; and (3) the Trustee did not meet any of the "extraordinary circumstances" necessary for *nunc pro tunc* retroactive appointment. (Doc. 4 at 14-15).

On June 16, 2016, the bankruptcy court held a hearing regarding the Trustee's application. On July 18, 2016, the bankruptcy court overruled Wholesalecars's objections and approved the appointment of Wiggins Childs as special counsel to represent the Trustee in pursuing Ms. Hutcherson's "pre-petition claims against Wholesalecars.com in the United States District Court *nunc pro tunc* to September 25, 2015." *Id.* at 15.

On August 1, 2016, Wholesalecars.com appealed the bankruptcy court's order approving the appointment of Wiggins Childs as special counsel to this Court. (Doc. 1). The appeal came under submission on November 16, 2016. On March 24, 2017, the Trustee filed a Notice, informing this Court of briefing filed in the Motion To Vacate action, alleging that "[b]ecause Wiggins Childs's representation of the Trustee in that case implicates the issues before this Court, counsel thought it best to inform the court of the related proceedings." (Doc. 11 at 1).

## III. STANDARD OF REVIEW

District courts function as appellate courts in reviewing a bankruptcy court's

decisions. *Williams v. EMC Mortg. Corp. (In re Williams)*, 216 F.3d 1295, 1296 (11th Cir. 2000). The Court reviews the bankruptcy court's findings of fact under the clearly erroneous standard and conclusions of law under the de novo standard of review. *In re Piazza*, 719 F.3d 1253, 1260 (11th Cir. 2013) (citing *In re Englander*, 95 F.3d 1028, 1030 (11th Cir. 1996)). Questions of jurisdiction, such as standing, are subject to de novo review. *In re Smith*, 522 F. App'x 760, 764 (11th Cir. 2013) (citing *Dermer v. Miami-Dade Cty.*, 599 F.3d 1217, 1220 (11th Cir. 2010)).

A bankruptcy court's ruling on employment of counsel is reviewed for abuse of discretion. *In re Cecil*, 2012 WL 3231321, at *2 (M.D. Fla. Aug 3, 2012) (citing *In re Pillowtex, Inc.*, 304 F.3d 246, 250 (3d Cir. 2002)). Additionally, a bankruptcy court's ruling "on an attempt to secure [retroactive] approval of an application for the employment of a professional should be reviewed by the district court under the abuse-of-discretion rubric." *In re Jarvis*, 53 F.3d 416, 420 (1st Cir. 1995).

"The court may affirm the bankruptcy court's judgment 'on any ground that appears in the record, whether or not that ground was relied upon or even considered by the court below.'" *Perry v. United States*, 500 B.R. 796, 798 (M.D. Ala. 2013) (Watkins, J.) (quoting *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007)); *see also In re Alam*, 359 B.R. 142, 151 (B.A.P. 6th Cir. 2006) ("We may affirm the decision of the bankruptcy court if it is correct for any reason, including

one not considered by the bankruptcy court."); *In re Maximus Computers, Inc.*, 278 B.R. 189, 194 (B.A.P. 9th Cir. 2002) (same).

## IV.    DISCUSSION

On appeal, Wholesalecars argues that the bankruptcy court abused its discretion in retroactively appointing Wiggins Childs as special counsel to represent the estate pursuant to 11 U.S.C. § 327. (Doc. 4 at 8). In addition to responding to that issue, the Trustee argues that Wholesalecars lacks standing on appeal to object to the appointment of Wiggins Childs as special counsel. (Doc. 7 at 6). Because this Court concludes that Wholesalecars lacks standing to pursue this appeal and this Court lacks subject matter jurisdiction to entertain it, the Court does not reach the question of whether the bankruptcy court abused its discretion in retroactively appointing Wiggins Childs as special counsel.

### 1.    <u>Standing</u>

Generally, only a bankruptcy trustee can appeal an order from a bankruptcy court. *Westwood Cmty. Two Ass'n v. Barbee (In re Westwood Community Two Ass'n, Inc.)*, 293 F.3d 1332, 1334 (11th Cir. 2002); *see id.* ("This general rule was developed as a means to control, in an orderly manner, proceedings that often involve numerous creditors who are dissatisfied with any compromise that jeopardizes the full payment of their outstanding claims against the bankrupt.") (citation omitted). However, courts

have allowed some exceptions to this rule when the exception does not run counter

to the purpose of restricting the standing requirements. *Id.* As the Eleventh Circuit has

explained in a bankruptcy appeal with similar factual circumstances,

> Due to the nature of bankruptcy proceedings, which "often involve numerous creditors who are dissatisfied with any compromise that jeopardizes the full payment of their outstanding claims against the bankrupt," special rules have been developed to govern which parties may appeal a bankruptcy court order. *Id.* (internal quotation marks omitted). Under § 39(c) of the now-repealed Bankruptcy Act of 1898, only "a person aggrieved" could appeal from an order of the bankruptcy court. *Id.* at 1335 & n. 2. Although the Bankruptcy Reform Act of 1978, Pub. L. No. 95–598, 92 Stat. 2549, does not include a similar provision limiting who can appeal, courts continue to apply the person aggrieved standard because "Congress [did not] intend[ ] to alter the definition set forth in the prior law." *In re Westwood Cmty. Two Ass'n*, 293 F.3d at 1334; *see also Travelers Ins. Co. v. H.K. Porter Co.*, 45 F.3d 737, 741 (3d Cir. 1995); *Depoister v. Mary M. Holloway Found.*, 36 F.3d 582, 585 (7th Cir. 1994); *Holmes v. Silver Wings Aviation, Inc.*, 881 F.2d 939, 940 (10th Cir. 1989); *Kane v. Johns–Manville Corp.*, 843 F.2d 636, 641–42 (2d Cir.1988); *In re El San Juan Hotel*, 809 F.2d 151, 154 (1st Cir. 1987); *Fondiller v. Robertson (In re Fondiller)*, 707 F.2d 441, 442–43 (9th Cir. 1983). Like our sister circuits, we have adopted the person aggrieved doctrine as our standard for determining whether a party can appeal a bankruptcy court's order. *In re Westwood Cmty. Two Ass'n*, 293 F.3d at 1335.

> The person aggrieved doctrine limits the right to appeal a bankruptcy court order to "those parties having a direct and substantial interest in the question being appealed." *Id.* at 1335 (internal quotation marks omitted). We have held that this doctrine defines aggrieved persons as those individuals who are "directly, adversely, and pecuniarily affect[ed]" by a bankruptcy court's order. *Id.* at 1337–38 "An order will directly, adversely, and pecuniarily affect a person if that order diminishes their property, increases their burdens, or impairs their

rights." *Id.* at 1338.

. . . .

> [A] party is not aggrieved, for the purposes of appealing from a
> bankruptcy court order, when the only interest allegedly harmed by that
> order is the interest in avoiding liability from an adversary proceeding.
> This is so because an order subjecting a party to litigation, or the risk
> thereof, causes only indirect harm to the asserted interest of avoiding
> liability. Orders allowing litigation to go forward do not burden a party's
> ability to defend against liability; they simply require parties to exercise
> that ability. Such an effect does not constitute the direct harm necessary
> to satisfy our person aggrieved standard.

*Atkinson v. Ernie Haire Ford, Inc. (In re Ernie Haire Ford, Inc.)*, 764 F.3d 1321,

1324-26 (11th Cir. 2014), *cert. denied sub nom. Atkinson v. Ernie Haire Ford, Inc.*,

577 U.S. __, 136 S. Ct. 104, 193 L. Ed. 2d 36 (2015) (emphases supplied). The

"person aggrieved" standing doctrine is more restrictive than "real party in interest"

standing. Under the person aggrieved standing doctrine, standing is limited to persons

who have a direct financial stake in the order being appealed. *In re Westwood*, 293

F.3d at 1335.

The Eleventh Circuit in *In re Westwood* also clarified that the district court

below had erred in applying a "real party in interest"[4] standard, rather than the

---

[4] *See id.* ("Although no definition of 'party in interest' exists in Chapter 7 of the
Bankruptcy Code, Chapter 11 defines a party in interest as 'the debtor, the trustee, a creditors'
committee, an equity security holders' committee, a creditor, an equity security holder, or any
indenture trustee.'") (citing 11 U.S.C. § 1109(b)).

"person aggrieved" standard, to determine whether a party had standing in a bankruptcy appeal. *Id.* at 1336. Although the real party in interest standard is the standard to be applied in bankruptcy court proceedings, it is not the standard on appeal from a bankruptcy court to a federal district court. *See id.* ("In sum, although the [real] party in interest standard is pertinent to determine who may object to the allowance or disallowance of claims [at the bankruptcy court level], the proper inquiry to determine who may appeal a bankruptcy court order is the person aggrieved standard").[5]

In addition to the direct pecuniary interest prong of the "person aggrieved" standard, a party will not have standing on appeal if "the interests harmed by a court order are not interests the Bankruptcy Court seeks to protect or regulate." *In re Ernie*, 764 F.3d at 1326 (citing *In re LTV Steel Co.*, 560 F.3d 449, 454 (6th Cir. 2009) (noting that the interest of an adversary defendant in avoiding liability is not protected by the Bankruptcy Code)). The stringency of the person aggrieved standard is spurred by the notion that

> the failure to limit who can appeal a bankruptcy court's order would cause "bankruptcy litigation [to] become mired in endless appeals brought by the myriad of parties who are indirectly affected by every

---

[5] The Court also notes that Appellant failed to direct the Court's attention to any Eleventh Circuit cases applying the correct "person aggrieved" standard or argue that this standard has been met in this case.

bankruptcy court order." *Kane*, 843 F.2d at 642. Since the purpose of adopting this heightened standard was to ensure that the goals of bankruptcy were not derailed by a flood of appeals, it only makes sense to exclude appeals from those parties who do not suffer a direct harm to interests the Bankruptcy Code seeks to protect or regulate—that is, appeals that do not further the goals of bankruptcy. <u>Allowing appeals from parties who have suffered only an indirect harm or who hold interests outside the scope of the Bankruptcy Code would defeat the very purpose underlying our person aggrieved standard</u>.

*Id.* (emphasis added).

Unlike the appellants in *In re Westwood*, who had a direct pecuniary interest because the bankruptcy court's decision would have required that they pay thousands of dollars each, 293 F.3d at 1336, Wholesalecars has no direct pecuniary interest in these bankruptcy proceedings. Rather, Wholesalecars's position in this appeal is similar to that of the appellant in *In re Ernie*, whose appeal was denied for lack of standing because his "sole interest [was] that of an adversary defendant in avoiding liability," so he was "not a person aggrieved for the purposes of appealing from an order of the bankruptcy court." 764 F.3d at 1327; *see also In re LTV Steel Co., Inc.*, 560 F.3d 449, 452-53 (6th Cir. 2009) ("[W]e are aware of no court that has held that the burden of defending a lawsuit, however onerous or unpleasant, is the sort of direct and immediate harm that makes a party 'aggrieved' so as to confer standing in a bankruptcy appeal.").

The unique positioning of the parties in this case also resembles that of the

parties in *In re Quarles*, 2007 WL 171913, at \*1 (N.D. Okla. Jan. 18, 2007). In *In re Quarles*, a Chapter 7 debtor filed for bankruptcy and neglected to disclose her status as a plaintiff with a pending personal injury cause of action. The district court determined that the <u>personal injury</u> defendant lacked standing to make an objection in the <u>bankruptcy</u> action because "[a]ppellants are not debtors, creditors, or trustees in relation to Quarles' bankruptcy, but are potential debtors of a debtor." *Id.* at \*15. Like the order that served as the basis of the appeal in *In re Quarles*, the bankruptcy court's order appointing Wiggins Childs as special counsel had no direct pecuniary effect on Wholesalecars; at most, "appellants will merely have to defend a [claim] they would have had to defend if debtor had listed the asset and they now have indirect support for an affirmative defense in that lawsuit." *Id.* at \*15-16. As Appellant's liability to Ms. Hutcherson will be decided in the district court litigation pending before another judge in this district, not the bankruptcy proceedings, Wholesalecars does not qualify as a person aggrieved by the bankruptcy court's order.

The Court is unpersuaded by the two cases cites by Appellant to support its claim that there is a split of authority on whether a defendant in an underlying action brought by the debtor has standing to object in bankruptcy proceedings involving that debtor. (Doc. 8 at 8). The cases cited by Appellant are both bankruptcy court

decisions applying the "real party in interest" standard,[6] and as stated above, the jurisdictional standing analysis applied in bankruptcy court proceedings differs from that applied on appeal to a district court.[7] These cases are therefore inapposite to this Court's decision, and Wholesalecars has made no attempt to distinguish the district court's reasoning in *In re Ernie* or *In re Quarles* from the facts of this case.

Furthermore, Wholesalecars's interest in the bankruptcy proceedings is not one protected or regulated by the Bankruptcy Code. Like the appellant in *In re Ernie*, Wholesalecars is situated "merely as an adversary defendant with an interest in avoiding liability," which is an interest "antithetical to the goals of bankruptcy." 764 F.3d at 1327. Wholesalecars's interest is in avoiding liability *to* the estate, but it is not a direct creditor *of* the estate. Wholesalecars's interests *are* directly impacted by the Motion To Vacate pending in front of another judge in this district, yet standing to pursue that Motion is not an issue before this Court.

Finally, Wholesalecars has attempted to convince the Court that, even if it does

---

[6] *See In re Narcisse*, No. 96-21345-NHL, 2013 WL 1316706, at *1, *3 (Bankr. E.D.N.Y Mar. 29, 2013) ("The Debtor argues that the City's status as a defendant . . . does not make it a <u>party in interest</u> with respect to this bankruptcy case . . . [c]ourts differ in their determinations of whether a party who is a defendant in a state court action has standing to oppose the reopening of a bankruptcy case.") (emphasis added); *In re Lewis*, 273 B.R. 739, 743 (Bankr. N.D. Ga. 2001) (applying the "real party in interest" standard in a Chapter 7 proceeding).

[7] The bankruptcy court did not directly address the issue of standing, yet it observed at one point that "[Wholesalecars is] saying that there's some type of conflict, but I'm not sure that . . . they have standing to raise that, but I'll certainly listen to it." (A-235, Doc. 4-1 at 242).

not have standing to pursue this appeal, the Court has an "independent obligation" to review the merits of the bankruptcy court's decision. However, Appellant cites to no binding authority to support its proposition that the Court must address the merits of its appeal even if it lacks standing, and the Court is unable to find any upon its own research. Moreover, the Eleventh Circuit in *In re Ernie* affirmed the decision of the district court, who in turn had affirmed the decision of the bankruptcy court, on the basis of Appellant's lack of standing alone, thereby precluding Wholesalecars's argument that a lack of standing is an insufficient reason to deny a bankruptcy claim on appeal.

The independent obligation that this Court does have, at every juncture of litigation, is to examine and verify the standing of the parties. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230-31, 110 S. Ct. 596, 607, 107 L. Ed. 2d 603 (1990) (finding it unnecessary to reach the merits of the appeal because petitioners failed to demonstrate their standing) ("The federal courts are under an independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important of [the jurisdictional] doctrines.'" (citing *Allen v. Wright*, 468 U.S. 737, 750, 104 S.Ct. 3315, 3324, 82 L. Ed. 2d 556 (1984)). In this case, Wholesalecars lacks standing to pursue this appeal, which is due to be **DISMISSED** on this basis alone.

### 2. <u>Subject Matter Jurisdiction</u>

Though neither party has raised the issue, this Court has an independent duty to inquire into its own subject matter jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506, 126 S. Ct. 1235, 1240, 163 L. Ed. 2d 1097 (2006) ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment.").

"The district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . and, with leave of the court, from other interlocutory orders and decrees." 28 U.S.C. § 158(a). Wholesalecars claims that this is an appeal from a final order (doc. 4 at 7), yet it fails to cite to any authority to support this proposition. In this case, the Court disagrees with Appellant's characterization of the bankruptcy court's order as a final, appealable order.

i.   *Appointment of Wiggins Childs as Special Counsel Was not a Final Order Under Section 158(a)*

As the Eleventh Circuit has explained in the context of a bankruptcy appeal,

A final decision is generally "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945); *see In re Alchar Hardware Co.*, 730 F.2d 1386, 1388 (11th Cir. 1984) (per curiam). In bankruptcy proceedings, it is generally the particular adversary proceeding or controversy that must have been finally resolved, rather than the entire bankruptcy litigation. *See In re Saco Local Development Corp.*, 711 F.2d 441, 443–46 (1st Cir.1983);

> *United States v. Air Florida, Inc.*, 48 B.R. 749, 750 (S.D. Fla.1984); *cf.*
> *Borg-Warner Acceptance Corp. v. Hall*, 685 F.2d 1306, 1309 (11th Cir.
> 1982) (order refusing to lift automatic stay is final where it disposed of
> whole subject matter of complaint). Although courts "take a more liberal
> view of what constitutes a separate dispute for purposes of appeal" in
> bankruptcy cases, *In re Leimer*, 724 F.2d 744, 745 (8th Cir.1984), the
> separate dispute being assessed must have been finally resolved and
> leave nothing more for the bankruptcy court to do. *Borg-Warner*
> *Acceptance Corp. v. Hall*, 685 F.2d at 1309; *In re Leimer*, 724 F.2d at
> 745.

*Charter Co. v. Prudential Ins. Co. (In re Charter Co.)*, 778 F.2d 617, 621 (11th Cir.

1985). "An order is not final for appellate review when it merely disposes of an

incidental procedural matter during the proceedings in bankruptcy court." *Providers*

*Benefit Life Ins. Co. v. Tidewater Group, Inc. (In re Tidewater Group, Inc.)*, 734 F.2d

794, 796 (11th Cir. 1984) (internal citation and marks omitted). Rather, it must

"resolve the litigation, decide the merits, determine rights of the parties, settle

liability, or establish damages." *Id.*

Although the Eleventh Circuit has not directly addressed the finality of

bankruptcy orders approving appointment of counsel pursuant to 11 U.S.C. § 327, a

number of other circuit courts have determined that a Section 327 order approving

counsel is not a final order over which a district court could exercise appellate

jurisdiction. *See, e.g., In re Smyth*, 207 F.3d 758, 763 (5th Cir. 2000) (citing *In re*

*American Cabinets & Woodcrafting Corp.*, 159 B.R. 969, 971 (M.D. Fla. 1993))

("Orders appointing counsel under the Bankruptcy Code are interlocutory and are not generally considered final and appealable."); *Security Pac. Bank. Washington v. Steinberg (In re Westwood Shake & Shingle, Inc.)*, 971 F. 2d 387, 389 (9th Cir. 1992) ("Where the underlying bankruptcy court order involves the appointment or disqualification or counsel, courts have uniformly found that such orders are interlocutory even in the more flexible bankruptcy context."); *Spears v. U.S. Tr.*, 26 F.3d 1023, 1024 (10th Cir. 1994) (finding it unnecessary to reach the merits of the appeal because "[o]rders relating to the appointment of counsel in bankruptcy are interlocutory and unappealable until final disposition of the proceeding.").

Non-final bankruptcy orders may also be appealable through the collateral order exception first enunciated in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S. Ct. 1221, 93 L. Ed. 1528 (1949). For an order to be reviewable under the narrow collateral order doctrine, it must "conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S. Ct. 2454, 2457, 57 L. Ed. 2d 351 (1978); *In re Tidewater Group*, 734 F.2d at 796-97 (same).

Courts have determined that Section 327 orders do not fall within the collateral order exception to the final judgment rule. *See In re Westwood Shake & Shingle*, 971

F.2d at 390 (declining to apply the collateral order doctrine to an order for the appointment of counsel under Section 327 because such orders "are not completely separate from the merits" and "are usually amenable to appellate review after a final judgment has been entered"); *In re Union Home & Indus., Inc.*, 376 B.R. 298, 303 (B.A.P. 10th Cir. 2007) (employment of counsel in a bankruptcy action does not meet the third prong of the collateral order exception because the issue appealed would be reviewable following the bankruptcy court's final order).

The court in *In re Tidewater* similarly found that the bankruptcy appellant had not justified an appeal under the collateral exception rule because immediate review was not necessary to protect important interests and the bankruptcy court's order could not be separated from the merits of the bankruptcy action. 734 F.2d at 797. Here, like in *In re Tidewater*, Wholesalecars has not demonstrated that immediate review was necessary to protect important interests. In fact, Wholesalecars has not even attempted to explain to this Court why it believes the bankruptcy court's order approving Wiggins Childs as special counsel constituted a final appealable order.

Further, the bankruptcy court properly determined that there was not an automatic conflict in this case, particularly because many of the concerns raised by Wholesalecars are "hypotheticals that may or may not come up, and as a general rule, they don't." (A-238 to A-239, Doc. 4-1 at 245-46). When asked by the bankruptcy

judge whether they thought that Wiggins Childs was "complicit in not disclosing this lawsuit in the bankruptcy," Wholesalecars conceded that they were not alleging such a conflict. (A-237, *id.* at 244). Accordingly, for the above reasons, this appeal is not reviewable either as a final rule or under the collateral exception rule.

ii.    *Discretionary Interlocutory Appeals Under Section 158(a)*

Instead, Wholesalecars's appeal should be treated as a discretionary interlocutory appeal pursuant to Section 158(a)(3). *Spears*, 26 F.3d at 1024 n.2. Because leave of court must be obtained for an interlocutory appeal, Section 158(a)(3) gives a district court discretion in determining whether to allow an appeal from an interlocutory order.[8] *See In re Seminole Walls & Ceilings Corp.*, 388 B.R. 386, 390 (M.D. Fla. 2008). As the Eleventh Circuit has explained in the context of an appeal of a bankruptcy court order,

> "Because [28 U.S.C. § 158(a) ] does not provide the district court any criteria for determining whether to exercise their discretionary authority to grant leave to appeal, the court[s] look[ ] to 28 U.S.C. § 1292(b) which governs discretionary interlocutory appeals from district courts to the court of appeals." *In re Charter Co.*, 778 F.2d 617, 620 n. 5 (11th Cir.1985). In order to obtain leave to proceed under 28 U.S.C. §

---

[8]  The Advisory Committee Note to FED. R. BANKR. P. 8003(c) states as follows:

If a party mistakenly believes the order appealed from is final and files only a notice of appeal, the appeal is not automatically dismissed. The district court or bankruptcy appellate panel has the options to direct that a motion be filed, to decide exclusively on the papers already filed to grant leave to appeal, or to deny leave to appeal. *Cf.* 28 U.S.C. § 2103.

1292(b), a party must demonstrate that: (1) the order presents a controlling question of law; (2) over which there is a substantial ground for difference of opinion among courts; and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b).

*Laurent v. Herkert*, 196 F. App'x 771, 772 (11th Cir. 2006) (per curiam); *see also In re City of Prichard, Ala.*, 2010 WL 2383984 (S.D. Ala. June 9, 2010) (citing *In re Tate*, 2010 WL 923630 at *3 (S.D. Ala. March 9, 2010)) ("As a threshold matter, the Eleventh Circuit has characterized §1292(b) interlocutory appeals as a rare exception to the premise that the great bulk of appellate review must be conducted after final judgment. Because permitting piecemeal appeals is bad policy, permitting liberal use of § 1292(b) is bad policy.").

There is no evidence, first and foremost, that Wholesalecars's appeal will materially advance the ultimate termination of the bankruptcy litigation. Wholesalecars has also presented no evidence that this specific, narrow appeal of the appointment of special counsel concerns a controlling question of law over which courts have formed greatly differing opinions. Finally, as the bankruptcy judge noted, if a conflict does eventually arise, it will be reviewable within the bankruptcy court proceedings. *See* (A-239, Doc. 4-1 at 246) ("If there's a conflict there, then it'll come before this Court to resolve[.]").

This Court's determination is also guided by several other district courts within

this Circuit, who have previously reached the conclusion that an appeal of a bankruptcy court's order appointing counsel was neither a final order nor an appealable interlocutory order. *See In re Turner*, 85 B.R. 910, 912 (N.D. Ga. 1988) (determining that an appeal of a bankruptcy court's order approving the appointment of special counsel, pursuant to Section 327, was neither an appeal of a final order nor an appealable interlocutory order because it did not "involve a controlling question of law as to which there is substantial ground for difference of opinion") (citation and marks omitted); *see also In re City of Prichard*, 2010 WL 2383984 at *3-4 (declining to grant leave to file an interlocutory appeal because the issue would not materially advance the litigation's ultimate termination).

Lacking any argument from the Appellant as to why this Court has jurisdiction over this interlocutory appeal, the Court finds that Appellant has failed to meet its burden of establishing this Court's jurisdiction. Accordingly, this Court declines to exercise its discretion to allow Wholesalecars to pursue this interlocutory appeal, and the appeal is alternately due to be **DISMISSED** for lack of subject matter jurisdiction.

## V.    CONCLUSION

For the foregoing reasons, the Court will **DISMISS** Wholesalecars's appeal by separate order for lack of standing and lack of subject matter jurisdiction.

**DONE** this the 4th day of May, 2017.

VIRGINIA EMERSON HOPKINS
United States District Judge